19-606-cr
*United States v. Danielle Conners*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty.

PRESENT:   ROBERT D. SACK,
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
                    *Appellee,*

            -v-                                          19-606-cr

DANIELLE CONNERS,
                    *Defendant-Appellant,*

KYLE TOUCHSTONE, MELISSA KUSALONIS,
aka MEL, aka LISS, ANTHONY DEFILIPPO,
aka FLIP, CHARLES ADAMS, aka CHUCK,
TRAVYNN IPPOLITO,

$\qquad$ *Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                                      CARINA H. SCHOENBERGER, Assistant
                                                                United States Attorney (Cyrus P.W. Rieck,
                                                                Assistant United States Attorney, *on the brief*),
                                                                *for* Grant C. Jacquith, United States Attorney
                                                                for the Northern District of New York,
                                                                Syracuse, New York.


FOR DEFENDANT-APPELLANT:         NOREEN E. MCCARTHY, McCarthy Law,
                                                                Keene Valley, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Danielle Conners appeals a judgment, entered March 7, 2019, following a jury trial, convicting her of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).  She was sentenced principally to time served (or seven days).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[*]     The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

Conners was indicted with five co-defendants on June 14, 2017. She moved to suppress evidence of statements she made to agents of the Drug Enforcement Administration (the "DEA") and for dismissal of the charges against her. Following an evidentiary hearing, the district court denied the motions in a written decision issued February 8, 2018. Trial commenced as to Conners only on October 29, 2018, and the jury returned a guilty verdict on November 6, 2018. Conners moved for a judgment of acquittal and new trial on January 2, 2019. The district court did not rule on the motions, but instead sentenced Connors on March 7, 2019 to time served. Conners appealed on March 11, 2019. The district court denied the post-trial motions in a written decision on October 8, 2019.

## DISCUSSION

On appeal, Conners raises a number of issues: (1) suppression of the incriminating statements she made to DEA agents during her interview; (2) the district court's instructions to the jury about her statements; (3) the district court's rulings with respect to the government's cross-examination of her character witnesses; and (4) purported perjury on the part of the government's cooperating witnesses. We address each issue in turn.

### I.    Suppression of Statements

Conners contends that the district court should have suppressed incriminatory statements she made during her May 25th interview because they were

3

made following an unlawful arrest and the statements were involuntarily made because they were coerced.

The first argument is waived. Where a defendant fails to raise an argument in a pre-trial suppression motion, the argument is waived. *See United States v. Olano,* 507 U.S. 725, 733-34 (1993); *United States v. Yousef,* 327 F.3d 56, 144 (2d Cir. 2003). Here, though Conners moved for suppression on several grounds, an unlawful arrest was not among them, and she offers no reason for her failure to raise the issue below. *See* Fed. R. Crim. P. 12(b)(3)(C) and (c)(3).

As to the second argument, Conners argues that the police officers impermissibly implied that she would lose custody of her son if she failed to cooperate and ignored her concern about the safety and whereabouts of her child. We are not persuaded.

We review *de novo* "[a] trial court's conclusions regarding the constitutionality of a defendant's waiver of his right to remain silent" and the underlying findings of fact for clear error. *United States v. Gaines,* 295 F.3d 293, 298 (2d Cir. 2002). The prosecution may not use a suspect's statements made under custodial interrogation unless the suspect "(1) has been apprised of [her] Fifth Amendment rights, and (2) knowingly, intelligently, and voluntarily waives those rights." *United States v. Oehne,* 698 F.3d 119, 122 (2d Cir. 2010) (citing *Miranda v. Arizona,* 384 U.S. 436, 444-45 (1966)). To be voluntary, the waiver must be "the product of a free and deliberate

4

choice rather than intimidation, coercion, or deception." *United States v. Medunjanin*, 752 F.3d 576, 586 (2d Cir. 2014) (quoting *Moran v. Burbine,* 475 U.S. 412, 421 (1986)). Indeed, the central question in determining voluntariness is whether the defendant's will was overborne at the time of the confession. *See Lynumn v. Illinois*, 372 U.S. 528, 534 (1963). We consider the totality of the circumstances when determining if a waiver was voluntary, knowing, and intelligent, including the characteristics of the accused, the conditions of the interview, and the behavior of the law enforcement officials. *See United States v. Haak*, 884 F.3d 400, 409 (2d Cir. 2018); *see also Diaz v. Senkowski*, 76 F.3d 61, 65 (2d Cir. 1996).

Here, the district court conducted an evidentiary hearing and made detailed findings of fact. Based on our independent review of the record, we conclude that the totality of the circumstances supports the district court's holding that the interview was not coercive. We conclude that the district court did not err when it determined that Conners's confession was voluntary and allowed it to be admitted at trial.

## II.     *Jury Instructions*

Conners next argues that the district court erred in its instructions to the jury. She contends that in its rebuttal summation, the government implied to the jury that it could consider her May 25th statements even if it determined that the statements

were coerced, and that the district court failed, in its instructions, to correct this misimpression.

"We review a properly preserved claim of error regarding jury instruction *de novo*, but we will reverse only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Calderon*, 944 F.3d 72, 90 (2d Cir. 2019) (alteration and internal quotation marks omitted). A reversal on the basis of a prosecutor's improper remarks is justified only where the remarks resulted in "substantial prejudice" for the defendant "by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005) (internal quotation marks omitted).

There was no error here. First, the government did not contend or imply that the jury could consider the statements even if it found that they were coerced. Rather, the government simply argued that the statements were not coerced and urged the jurors to honor their oath to apply the law as instructed by the trial court. Second, the trial court's instruction to the jurors -- that "you are to give the statements such weight as you feel they deserve in light of all the evidence," Govt. App'x at 384-85, -- was not incorrect. *See United States v. Elfgeeh*, 515 F.3d 100, 125 (2d Cir. 2008) (upon determining that confession was made voluntarily, trial court "shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give

6

such weight to the confession as the jury feels it deserves under all the circumstances")

(quoting 18 U.S.C. § 3501(a)). Accordingly, the jury instruction was not erroneous.

**III.** *Cross-Examination of Character Witnesses*

Conners argues that she was denied a fair trial because the district court

permitted improper and prejudicial questions during the cross-examination of her

character witnesses. Specifically, Conners contends that the court improperly allowed

questions about conduct not widely known in the community and for which the

Government had no good faith basis.

We review a trial court's ruling on the admissibility of character evidence

for abuse of discretion. *See United States v. Bah*, 574 F.3d 106, 117 (2d Cir. 2009). The

prosecution is given "substantial latitude" to rebut a defendant's character evidence. *Id.*

Even where there is an abuse of discretion, we will not reverse if the error is harmless.

*See United States v. Damblu*, 134 F.3d 490, 496 (2d Cir. 1998).

Here, the district court did not abuse its discretion when it permitted the

challenged cross-examination of Conners's character witnesses.

**IV.** *False Testimony from Cooperating Witnesses*

Conners alleges that the district court erred by permitting the

government's cooperating witnesses to offer false testimony regarding her involvement

in the conspiracy. This argument largely repeats arguments made in her Rule 33

motion, and thus we treat this aspect of her appeal as an appeal from the denial of her

7

Rule 33 motion. We review the denial of a Rule 33 motion for abuse of discretion. *See United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009). To challenge a conviction on the basis of a prosecutor's knowing use of false testimony, the defendant must demonstrate that there was false testimony, that the prosecutor knew or should have known it was false, and that there was a reasonable likelihood that the false testimony could have affected the jury's judgment. *See United States v. Helmsley*, 985 F.2d 1202, 1205-06 (2d Cir. 1993). Simple inconsistencies in testimony are not perjury. *See United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001). When such inconsistencies are revealed on cross-examination, it is for the jury to determine credibility. *See United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009).

Upon an independent review of the record, we conclude that the district court did not abuse its discretion in denying the new trial motion based on alleged false testimony.

\* \* \*

We have considered Conners's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8